**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JIMMY G. NIXON, SR., :
: Civil Action No. 11-2327 (JBS)
       Petitioner, :
:
       v. : **OPINION**
:
DONNA ZICKEFOOSE, et al., :
:
       Respondents. :

**APPEARANCES:**

Petitioner pro se
Jimmy G. Nixon, Sr.
Federal Correctional Institution at Fort Dix
Fort Dix, New Jersey 08640

**SIMANDLE**, Chief Judge

    Petitioner Jimmy G. Nixon, Sr., a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner paid the $5.00 filing fee.  The respondents are Warden Donna Zickefoose, prison guard

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

T. Riunk, counselor Robert Wiget, and counselor Walter T. Biederback.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  <u>See</u> 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that prison guard T. Rink wrote a false incident report accusing Petitioner of refusing to obey her order to leave the law library.  Following a disciplinary hearing, Petitioner was found to have committed the prohibited act as charged.  He was sanctioned to 30 days loss of commissary privileges.  Petitioner unsuccessfully pursued his administrative appeals.  This Petition followed.

Here, Petitioner seeks an order directing the Warden to vacate the sanction imposed as a result of the disciplinary proceeding, to expunge the incident report, and to transfer Petitioner to another federal prison.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner

claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges sanctions affecting his conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). See also Ganim v. Federal Bureau of

Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, the only sanction imposed, loss of commissary privileges, is not the type of sanction cognizable in habeas. Instead, any challenge to such a disciplinary proceeding must be pursued in a civil rights action or civil action for declaratory and/or injunctive relief.  Accordingly, this Court lacks jurisdiction to hear the claims in this habeas Petition.

Because Petitioner has not prepaid the $350.00 filing fee for a civil action, and he appears ineligible to proceed in forma pauperis in such an action, this Court will not construe this matter as a civil rights complaint.[2]

---

[2] Title 28 U.S.C. § 1915(g), the "three strikes rule," limits the ability of prisoners to proceed in forma pauperis if they have had at least three civil actions dismissed as frivolous or for failure to state a claim.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

Instead, this Petition will be dismissed without prejudice. Petitioner may file a separate civil complaint, prepaying the $350.00 filing fee for a civil action, if he wishes to pursue these claims.  This Court expresses no opinion as to the merits of Petitioner's claims.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

 s/ Jerome B. Simandle
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **July 31, 2012**

---

under imminent danger of serious physical injury.

Petitioner has had numerous civil actions dismissed as frivolous or for failure to state a claim. See Nixon v. Johnson, No. 02-13828-B (11th Cir. Oct. 1, 2002); Nixon v. Connor, Civil No. 98-0295 (E.D. Tex. April 15, 1998); Nixon v. Hawk-Sawyer, Civil No. 98-0295 (5th Cir. April 14, 2000); Nixon v. Hawk-Sawyer, Civil No. 98-2212 (W.D. La. Aug. 19, 1999); Nixon v. Cesterline, Civil No. 97-1461 (W.D. La. July 9, 1998).  As the allegations of the Petition do not suggest that Petitioner is in imminent danger of serious physical injury, he is not eligible to proceed in forma pauperis with respect to the claims asserted here.